■ In the Matter of ANTHONY CARUSO, Doing Business as CARUSO SALES COMPANY, Respondent, v. VICTOR SCHILINGO, Appellant.— Order unanimously reversed, with costs and motion denied, without prejudice to reapply, upon which reapplication, if granted, the County Judge should explore the matter in accordance with the Memorandum. Memorandum: The granting of the order appealed from resulted from an improvident exercise of discretion. The defendant judgment debtor defaulted upon a contract with the plaintiff judgment creditor, and he was sued and a money judgment was taken against him in 1958. Thereafter the plaintiff endeavored to garnishee the wages of the defendant, but it was found that there were some 11 prior garnishee executions and nothing had been collected to the date of the order appealed from under plaintiff's garnishee. In May of 1959 the plaintiff procured an order from the Herkimer County Court directing the appellant to pay $10 a week upon the judgment. That order was made after the defendant had appeared before an Official Referee and voluntarily agreed to pay said sum of $10 a week. At that time it was found that his gross salary was about $75 a week; that he had three children of the ages of 17, 12, and 6 respectively; that he was obligated to pay $80 a month on the purchase price of an automobile; that he had three $500 and one $300 paid-up policies of life insurance on himself and members of his family, in all of which he was the beneficiary. On the strength of this and his voluntary promise the order of May, 1959 was granted. The present order finds him guilty of contempt for failure to make the $10 payments. There was a finding that the conduct of the judgment debtor in not making payments was calculated to and actually did impede, impair and prejudice the rights and remedies of the judgment creditor. Upon such application it was incumbent upon the court to give "due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the judgment debtor under [the garnishee sections] * * * or under wage assignments outstanding." (Civ. Prac. Act, § 793.) That order was granted in October, 1960. It was based on an affidavit of the attorney for the plaintiff, more or less *pro forma,* simply reciting the defaults. It was opposed on procedural grounds only, and nowhere does it appear that the court examined into the merits of the proceeding or into the defendant's ability to make the payments directed in the prior order. We can only assume for the purpose of

this review that the defendant's financial status has not changed substantially since the prior order directing payment of the $10. Thus it appears that from a gross salary of $75 a week, after the payment of $20 upon his automobile, $10 under the prior order of the court, Social Security and Unemployment Insurance deductions, and a further deduction of $7.50 under prior garnishees, the defendant would have approximately $32.50 a week to support his wife and his three minor children. It is readily apparent that if this is so it was beyond the financial capabilities of this defendant to make the $10 payments required by the plaintiff's order of May, 1959. In matters of this type when it appears that there may be financial inability better practice would dictate that before an order of contempt issue the judgment debtor be brought before the court and examined by the Judge to determine his financial status and the possibility of payments in the amount ordered. It does not appear that such procedure was employed, although as we have said, the defendant was represented by an attorney who raised only procedural questions — or at least so it appears. The order should be without prejudice to the right to reapply, upon which reapplication, if granted, the County Judge should explore the matter in accordance with this Memorandum. (Appeal from an order of Herkimer County Court adjudging the judgment debtor in contempt of court.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.